

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00286-CR

MIGUEL CASTELLANO GARCIA                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Miguel Castellano Garcia of felony driving while intoxicated (DWI), assessed his punishment at ten years' confinement, and recommended that imposition of his sentence be suspended and that he be placed on community supervision for ten years. The trial court sentenced him accordingly. In a single point, Appellant challenges the sufficiency of the evidence to prove beyond a reasonable doubt that he was the operator of the

---

[1]*See* Tex. R. App. P. 47.4.

vehicle involved in the collision leading to his DWI arrest. Because the evidence is sufficient to show that Appellant was operating the vehicle while he was intoxicated, we affirm the trial court's judgment.

On January 8, 2009, Lake Worth police officer Matt Rietfors investigated a two-car wreck. When Rietfors arrived at the scene, Appellant was sitting in the driver's seat of one of the vehicles, a Dodge Dakota, and talking to a fireman. Rietfors noticed that Appellant's breath had an odor of alcohol, his speech was slurred, and his eyes were glassy and bloodshot.

Rietfors asked Appellant to step out of the truck and produce his driver's license. Appellant got out of the truck but refused to produce his license. After conducting field sobriety tests, Rietfors concluded that Appellant was intoxicated and arrested him.

At trial, Rietfors testified that the other driver involved in the wreck had indicated that Appellant had been driving the truck. Rietfors also testified that Appellant owned the truck and had no other passengers in the truck with him.

Appellant's sole argument is that the State failed to prove beyond a reasonable doubt that he was the operator of the Dodge Dakota involved in the wreck leading to the DWI arrest. He does not contend that he was not intoxicated at the time the vehicle was being operated. A person commits the offense of DWI if the person is intoxicated while operating a motor vehicle in a public place.[2]

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to

_____

[2]Tex Penal Code Ann. § 49.04(a) (West 2011).

2

determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[4] The trier of fact is the sole judge of the weight and credibility of the evidence.[5] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[6] Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."[7] We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[8]

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor.[9]

---

[3]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[4]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

[5]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[6]*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

[7]*Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

[8]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

[9]*Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13.

This is an unusual case in that the State proved that Appellant was operating the vehicle by relying solely on hearsay and circumstantial evidence. No one who actually saw the wreck testified at trial. Rietfors did not see the wreck and, consequently, did not see who was operating either vehicle. He saw Appellant sitting behind the wheel of the Dodge Dakota, alone in the truck, when he arrived on the scene, but the engine was not running. The driver of the other vehicle involved in the wreck had told Rietfors that Appellant was driving the Dodge Dakota at the time of the wreck, and Rietfors relied on this information and relayed it to the jury at trial. Appellant did not object to the hearsay testimony but rather elicited the evidence from Rietfors.

Applying the appropriate standard of review, we hold that the evidence is sufficient to allow a rational trier of fact to find that the State had proved beyond a reasonable doubt that Appellant operated the vehicle involved in the accident leading to his DWI arrest. We therefore overrule Appellant's sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2011

4